UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TED JOHNSON, SR., | Case No. 3:10CV1026 |
| Petitioner, | JUDGE JACK ZOUHARY |
| v. | Magistrate Judge George J. Limbert |
| EDWARD SHELDON, Warden, | |
| Respondent. | **Report and Recommendation of Magistrate Judge** |

On April 29, 2010, Petitioner Ted Johnson, Sr. ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF Dkt. #1. Petitioner seeks relief for alleged constitutional violations that occurred during his Lucas County, Ohio Court of Common Pleas conviction for one count of Rape in violation of Ohio Revised Code ("ORC") § 2907.02(A)(1). ECF Dkt. #10-1 at 6. On September 29, 2010, Respondent Edward Sheldon ("Respondent") filed an answer/return of writ. ECF Dkt. #10. On December 8, 2010, Petitioner filed a traverse. ECF Dkt. #13. For the following reasons, the undersigned RECOMMENDS that the Court DISMISS the petition in its entirety with prejudice:

## I.   SYNOPSIS OF THE FACTS

The Sixth District Court of Appeals of Ohio set forth the facts of this case on direct appeal. These binding factual findings "shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 119 S.Ct. 2403 (1999). As set forth by the Ohio Court of Appeals, the facts are:

> Appellant, Ted Johnson, was indicted on one count of rape, in violation of R.C. 2907.02(A)(1)(b) and (B), and one count of gross sexual imposition, in violation of R.C. 2911.05[1]. The rape charge stemmed from appellant's alleged sexual intercourse with his stepdaughter when she was eight years old, which was more than two years before the alleged disclosure. Appellant ultimately entered an *Alford* plea of guilty to the charge of rape, in violation of R.C. 2907.02(A)(1) and (B). The record indicates that appellant maintained his innocence, but chose to enter the Alford plea to avoid the possibility of receiving a life sentence under the original more serious charge. After reviewing the presentence investigation report, including a report from the Court Diagnostics and Treatment Center, the trial court sentence appellant to ten years in prison, to be served consecutively to a twelve month sentence for his community control violation.

ECF Dkt. #10-1 at 28.

## II. PROCEDURAL HISTORY

### A. State Trial Court

In its May 2007 Term, the Lucas County, Ohio Grand Jury indicted Petitioner on one count of gross sexual imposition in violation of ORC § 2907.05(A)(4) and (B) and one count of rape in violation of ORC §2907.02(A)(1)(b) and (B). ECF Dkt. #10-1 at 1-2.

On November 20, 2007, Petitioner, through counsel, withdrew his original not guilty plea and entered a guilty plea pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) ("*Alford* plea") on the rape charge. ECF Dkt. #10-1 at 5. The gross sexual imposition charge was dismissed. *Id.* The trial court accepted the *Alford* plea and found Petitioner guilty of rape. *Id.*

On December 20, 2007, the Lucas County Court of Common Pleas sentenced Petitioner to 10 years of imprisonment and classified him as a sexually oriented offender. ECF Dkt. #10-1 at 6-7. The court ordered this sentence to be served consecutively to Petitioner's sentence for violation of his three-year community control sentence for a domestic violence conviction in 2005. *Id.* at 7; *see also* ECF Dkt. #10 at 3, fn. 2.

---

[1] Reference to this statute must have been a clerical error as Petitioner was indicted for gross sexual imposition pursuant to ORC 2907.05(A)(4) and (B). *See* ECF Dkt. #10-1 at 1.

### B. Direct Appeal

On January 11, 2008, with new counsel, Petitioner filed a notice of appeal to the Ohio Court of Appeals for the Sixth District. ECF Dkt. #10-1 at 8. Petitioner raised the following assignment of error in his appellate brief :

> I. The trial court violated Mr. Johnson's Constitutional Rights by Imposing a Sentence that was not the shortest authorized, and by imposing consecutive sentences.

*Id.* at 15.

On January 23, 2009, the Ohio Sixth District Court of Appeals affirmed the trial court's judgment of conviction and sentence. ECF Dkt. #10-1 at 27.

### C. Supreme Court of Ohio

On March 18, 2009, Petitioner, pro se, filed a delayed notice of appeal to the Supreme Court of Ohio, which that court granted. ECF Dkt. #10-1 at 32-34, 42. On June 3, 2009, Petitioner, pro se, filed a memorandum in support of jurisdiction, raising the following proposition of law:

> PROPOSITION OF LAW NUMBER ONE:
>
> THE TRIAL COURT VIOLATED APPELLANT'S CONSTITUTIONAL RIGHTS BY IMPOSING A SENTENCE THAT WAS NOT THE SHORTEST AUTHORIZED, AND BY IMPOSING CONSECUTIVE SENTENCES.

*Id.* at 48. On September 16, 2009, the Supreme Court of Ohio dismissed the appeal as not involving any substantial constitutional question. *Id.* at 71.

## III. 28 U.S.C. § 2254 PETITION

On April 29, 2010, Petitioner, pro se, filed the instant petition for a writ of habeas corpus. ECF Dkt. #1. Petitioner raises the following sole ground for relief:

> GROUND ONE: Whether the Trial Court violated Ted Johnson's constitutional rights by imposing a sentence that was not the shortest sentence authorized, and by imposing consecutive sentences.
>
> (a) Supporting facts: Judges are prohibited findings of fact that increase sentences beyond certain minimums if the factors are not charged in the charging instrument or made by jury using a beyond a reasonable doubt standard. The sentence court applied law to this case in a retroactive manner thereby allowing the court to sentence the defendant to the maximum sentence, but also to

-3-

consecutive sentences, violating maximum allowed by law.

ECF Dkt. #1 at 5. On September 29, 2010, Respondent filed an answer/return of writ. ECF Dkt. #10. On December 8, 2010, Petitioner filed a traverse. ECF Dkt. #13.

## IV.     PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a federal writ of habeas corpus. As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

Respondent agrees that no procedural barriers bar review of Petitioner's sole ground for relief. ECF Dkt. #10 at 4-7.

## V.     STANDARD OF REVIEW

Since Petitioner's claim overcomes the procedural barriers of time limitation, exhaustion and procedural default, the AEDPA governs this Court's review of the instant case because Petitioner filed his petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 29, 2010, well after the act's effective date of April 26, 1996. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998). Under Section 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(d).

The AEDPA sets forth the standard of review for the merits of a petition for a writ of habeas corpus. The AEDPA provides:

> (d)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)    resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added). In *Williams v. Taylor*, the Supreme Court clarified the language of 28 U.S.C. § 2254(d) and stated:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Further, the Supreme Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.*; *see also Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001).

The Sixth Circuit Court of Appeals offers the following guidelines for applying the AEDPA limitations:

   A.   Decisions of lower federal courts may not be considered.

   B.   Only the holdings of the Supreme Court, rather than its dicta, may be considered.

   C.   The state court decision may be overturned only if:
       1.   It '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' [the Supreme Court precedent must exist at the time of petitioner's direct appeal] or;

       2.   the state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent;' or

       3.   'the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case;' or

      4.      the state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'

  D.      Throughout this analysis the federal court may not merely apply its own views of what the law should be. Rather, to be overturned, a state court's application of Supreme Court of the United States precedent must also be objectively unreasonable. That is to say, that 'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.' 'An unreasonable application of federal law is different from an incorrect or erroneous application of federal law.'

  E.      Findings of fact of the state courts are presumed to be correct. 'The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'

*Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001) (internal citations omitted).

Finally, a reviewing federal court is bound by the presumption of correctness, under which the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice." *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985); *see also Duffel v. Duttion*, 785 F.2d 131, 133 (6th Cir. 1986). The presumption of correctness is set forth in 28 U.S.C. § 2254(e), which provides:

> (e)(1)In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

28 U.S.C. § 2254(e). The presumption of correctness applies to basic primary facts, and not to mixed questions of law and fact. *Levine v. Torvik*, 986 F.2d 1506, 1514 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993). The presumption also applies to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997). Furthermore, a reviewing federal court is not free to ignore the pronouncement of a state appellate court on matters of law. *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676, n.4 (6th Cir. 2000). Petitioner has the burden of rebutting the

presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## VI. ANALYSIS

Petitioner contends that the state court committed constitutional error in retroactively applying *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006) to his sentence, which resulted in a greater-than-minimum and consecutive sentence without the findings previously required by Ohio Revised Code § 2929.14(B) and (E). ECF Dkt. #1 at 5. Petitioner asserts that this violated the Due Process Clause and Ex Post Facto Clauses of the United States Constitution. *Id.*

The Ex Post Facto Clause applies "as a limitation upon the powers of the Legislature, and does not of its own force apply to the Judicial Branch of government." *Rogers v. Tennessee*, 532 U.S. 451, 121 S.Ct. 1693, 149 L.Ed.2d 697 (2001), quoting *Marks v. United States*, 430 U.S. 188, 191, 97 S.Ct. 990, 51 L.Ed.2d 260 (1977). However, "limitations on ex post facto judicial decision-making are inherent in the notion of due process." *Id*. Thus, Ex Post Facto Clause principles apply to the courts through the Due Process Clause. *Rogers*, 523 U.S. at 458-459. Accordingly, the constitutionality of judicial action turns on the traditional due process principles of "'notice, foreseeability, and, in particular, the right to fair warning,'" rather than the specific prescriptions of the Ex Post Facto Clause. *Shamaly v. Duffey,* No. 1:09CV680, 2010 WL 4835021, at *4 (N.D. Ohio, Nov. 23, 2010), quoting *Rogers*, 523 U.S. at 458-459, and citing *Hooks v. Sheets*, 603 F.3d 316, 320–21 (6th Cir.2010).

Petitioner asserts that because his criminal conduct preceded the *Foster* decision, the trial court violated his Due Process rights by applying *Foster* at sentencing and imposing non-minimum and consecutive sentences. ECF Dkt. #13 at 6. Petitioner contends that the Ohio Supreme Court's decision in *Foster* resulted in the Ohio Supreme Court "crafting a remedy which is more significant and more severe than that contemplated by the statute." ECF Dkt. #13 at 6. The undersigned recommends that the Court find no merit to Petitioner's assertion.

The Ohio Supreme Court in *Foster* severed three enhancements that it found unconstitutional in Ohio Revised Code sections 2929.14(B), 2929.14(C), and 2929.14(E)4),

which related to consecutive, non-minimum, and maximum sentences in Ohio's sentencing guidelines. *Foster*, 109 Ohio St.3d at 29. That court, following the United States Supreme Court's holding in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), held that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Id.* at 30.

Contrary to Petitioner's assertion, the Ohio Supreme Court's decision in *Foster* did not alter the sentencing range available under § 2929.14(A); it merely did away with the threshold requirement of judicial fact finding. Petitioner thus had adequate notice of the maximum penalty he faced prior to committing his crime. As a consequence, Petitioner cannot complain that he did not receive "notice" or "fair warning" that his criminal conduct might have resulted in the sentence that he received. *See U.S. v. Barton*, 455 F.3d 649, 654–655 (6th Cir.2006).

Every other Court in this District has rejected similar Ex Post Facto challenges to retroactive sentencing under *Foster*. *See Shamaly v. Duffey,* No. 1:09CV680, 2010 WL 4835021 (N.D. Ohio Nov. 23, 2010), (Zouhary, J.); *Newsome v. Brunsman*, No. 1:08CV1938, 2010 WL 319792, (N.D.Ohio Jan.20, 2010), (Zouhary, J.); *Gonzales v. Welch*, No. 3:08CV2269, 2010 WL 3222085 (N.D.Ohio Aug.13, 2010), (Gwin, J.); *McGhee v. Konteh*, No. 1:07CV1408, 2008 WL 320763 (N.D.Ohio Feb.1, 2008), (Nugent, J); *Cooper v. Hudson*, No. 3:07CV610, 2008 WL 2001282 (N.D.Ohio May 5, 2008), (Polster, J.); *Watkins v. Williams*, No. 3:07CV1296, 2008 WL 2484188 (N.D.Ohio June 17, 2008), (Adams, J.); *Keith v. Voorhies*, No. 1:06CV2360, 2009 WL 185765 (N.D.Ohio Jan.23, 2009), (Lioi, J.); *McKitrick v. Smith*, No. 3:08CV597, 2009 WL 1067321 (N.D.Ohio Apr.21, 2009), (Gaughan, J.); *Orwick v. Jackson*, No. 3:09CV0232, 2009 WL 4043352 (N.D.Ohio Nov.20, 2009), (Boyko, J.); *Ashley v. Gansheimer*, No. 1:08CV2556, 2010 WL 1924459 (N.D.Ohio May 12, 2010), (O'Malley, J.).

Moreover, in *Oregon v. Ice*, 129 S.Ct. 711, 714-715, 172 L.Ed.2d 517 (2009), the United States Supreme Court held that decisions by a state court regarding the imposition of consecutive sentences do not trigger Sixth Amendment issues. Accordingly, the undersigned recommends that the Court find no merit to Petitioner's assertion that his due process rights were violated because the trial court imposed a consecutive sentence based upon court determinations of fact.

For the foregoing reasons, the undersigned recommends that the Court dismiss Petitioner's sole ground for relief with prejudice.

## VII.  CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that the Court DISMISS the instant petition in its entirety with prejudice.

DATE: December 21, 2011                      */s/ George J. Limbert*
                                              GEORGE J. LIMBERT
                                              UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).